UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR., | No. 2:18-cv-2806 AC P |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL MARTEL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that plaintiff's Eighth Amendment rights were violated by defendants Martel, Ma, and Does 1 through 100. ECF No. 1. Plaintiff claims that on May 17, 2018, he was being interviewed by staff and attempted to get up from his seat when he saw staff trying to take paperwork from his cell. Id. at 3, ¶ 10. Due to his security status, he was handcuffed behind his back at the time. Id. "Defendant Correctional Officer 'Ma,' and Does 1 to 100 then used reasonable [sic] force by taking the plaintiff to the floor and restraining him by their body weight." Id. Plaintiff immediately stopped resisting and complained that he was having trouble breathing. Id. at 3-4, ¶ 11. Ma, who had his knees on top of plaintiff's head, told plaintiff to "'Shut up, bitch!'" and then struck plaintiff in his left eye. Id. Ma and Does 1 to 100 then told the nurse who was to document any injuries to not document plaintiff's black eye. Id. at 4, ¶ 12. The following day, when plaintiff noticed how serious the injury was, he requested to be seen by a nurse for a medical examination to document the injury; the examination was completed shortly thereafter. Id., ¶ 14.

Ma did not document his use of force against plaintiff and instead issued a rules violation report stating that plaintiff had kicked him in the hand, causing injury. Id. at 4-5, ¶ 15. Plaintiff was found guilty of battery on a peace officer even though Ma's injury was from striking plaintiff rather than from plaintiff kicking him. Id. at 5, ¶ 16. Plaintiff then filed a grievance and staff

complaint against Ma, claiming that Ma's use of force after order had already been restored was excessive and done for the purpose of causing harm. Id., ¶ 17. Martel reviewed the staff complaint, but found that Ma had not violated any regulations even though another correctional officer stated that he did not see plaintiff kick Ma. Id., ¶¶ 18-19.

Plaintiff claims that "Martel, Ma, and Does 1 to 100 knew or should have known that plaintiff was suffering from a mental health episode when they viewed him getting up and trying to get out of the consult room" and "willfully and without provocation violently slammed plaintiff to the floor and then punch[ed] him in the eye after they had already restored order of the situation." Id. at 6, ¶ 20. He further alleges that Martel and Does 1 to 100 "failed to properly train defendants 'Ma' and Does 1 to 100 to ensure that they do not use excessive force against prisoners who are suffering from mental health crisis episodes." Id., ¶ 21.

####    IV.     Claims for Which a Response Will Be Required

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Furthermore, "[i]n its prohibition of 'cruel and unusual punishments,' the Eighth Amendment [also] places restraints on prison officials, who may not . . . use excessive physical force against prisoners." Farmer, 511 U.S. at 832 (citing Hudson v. McMillian, 503 U.S. 1

4

(1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).

Plaintiff alleges both that reasonable force was used to subdue him when he attempted to leave the interview, and that he was slammed into the floor without provocation. It is unclear whether plaintiff intended to allege that Ma initially used "unreasonable" rather than "reasonable" force, or whether he is alleging that what began as an appropriate use of force became excessive when Ma slammed him into the floor and punched him after he began complying and stopped resisting. Either way, however, plaintiff's claims that defendant Ma used excessive force against him are sufficient to state a claim for excessive use of force and Ma will be required to respond to the complaint.

If plaintiff chooses to amend his complaint in an attempt to cure the deficiencies identified below, he should also clarify whether the initial takedown described in paragraph 10 involved the use of reasonable or unreasonable force.

V. Failure to State a Claim

A. Supervisory Liability

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the

constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Additionally, "[i]t is well-established that a governmental officer may be held liable for damages for constitutional wrongs engendered by his failure to adequately supervise or train his subordinates." Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991) (citing Bergquist v. County of Cochise, 806 F.2d 1364, 1369-70 (9th Cir. 1986)). However, "'only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [subordinates] come into contact'" is there a basis for liability under § 1983. Id. (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

Plaintiff seems to allege that Martel used excessive force against him on May 17, 2018. ECF No. 1 at 6, ¶ 20. However, it is clear from his allegations that Martel was not present during the use of force and any claim for excessive force against Martel based upon his position as Ma's supervisor must fail. Additionally, though plaintiff alleges that defendant Martel failed to properly train his subordinates regarding the proper use of force against inmates suffering from mental health conditions, his conclusory allegation is insufficient to state a claim, particularly when paired with his factual allegations which indicate that the incident was a result of Ma's deliberately malicious conduct, rather than a lack of training.

B. Grievances

Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under § 1983. Id.; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). As the Seventh Circuit has observed:

> Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

6

George, 507 F.3d at 609-10. Accordingly, plaintiff's allegations against defendant Martel which are based upon his denial of plaintiff's appeal about the excessive use of force that had already taken place do not state any cognizable claims.

C. False Accusations

To the extent plaintiff may be attempting to allege Ma violated his rights by making a false report that resulted in plaintiff receiving a disciplinary conviction, he fails to state a claim. Prisoners do not have a constitutional right to be free from false accusations of misconduct which may result in the deprivation of a protected liberty interest. Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.").

D. Doe Defendants

Although the use of fictitiously named Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), amendment is allowed to substitute true names for fictitiously named defendants, Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). However, in this instance, plaintiff has failed to make any specific allegations against any separately identified Doe defendants. Instead, he simply refers repeatedly to Does 1 through 100 and alleges that they violated his rights along with Ma and Martel, which is insufficient to state a claim for relief. If plaintiff wants to state claims against Doe defendants, he must identify them individually (i.e. Doe 1, Doe 2, etc.) and specify what each unknown individual did. Plaintiff is also advised that even if he is able to state a claim against a Doe defendant, due to the impossibility of serving an unknown individual, the court will not order service on the Doe defendants until plaintiff has identified them and filed a motion to substitute named defendants for the Doe defendants.

VI. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendant Martel or any of the Doe defendants. Plaintiff has also failed

7

to state a claim for relief against Ma for making false allegations against him. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Ma on his excessive force claim, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his excessive force claim against defendant Ma without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims against defendant Martel and the Doe defendants, as well as against Ma for filing a false report.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint,

the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. Your claim against defendant Ma for excessive use of force states a claim and will require an answer. The claim against Ma for filing a false report does not state a claim because there is no right to be free from false accusations. Your claims against defendant Martel do not state claims because you have not alleged facts showing that he failed to train defendant Ma or any Doe defendants, and that such a failure caused the violation of your rights. You also cannot state a claim against him for denying your grievance. You have not stated any claims against the Doe defendants because you have not explained what each individual Doe defendant did to violate your rights.

You have a choice to make. You may either (1) proceed immediately on your excessive force claim against defendant Ma and voluntarily dismiss the other claims, or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against defendant Martel and the Doe defendants and your claims against Ma based on his false allegations. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for service to be completed).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

9

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendant Martel and the Doe defendants and his claim against defendant Ma based on false allegations do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his excessive force claim against defendant Ma as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendant Martel and the Doe defendants and of the claims against defendant Ma based on his false allegations against plaintiff.

DATED: May 14, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL MARTEL, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-2806 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO <u>PROCEED</u> |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his excessive force claim against defendant Ma without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all of his claims against defendant Martel and the Doe defendants and his claims against defendant Ma based on Ma's false allegations against him.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　Lonnie Lee Poslof, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1